ALDERMAN, Justice.
We consider the petition of The Florida Bar to amend Florida Bar Integration Rule, article VIII, section 1, so that annual dues will be set by a vote of the Board of Governors of The Florida Bar instead of by the members of the Bar attending the annual convention. The Bar also requests that the present maximum of $125 at which dues may be fixed be increased to $140 in 1982, $150 in 1983, and $160 in 1984 and thereafter. We amend the rule to allow the annual dues to be set by vote of the Board of Governors, and we increase the maximum at which dues may be fixed from $125 to $140; however, we deny the Bar’s request that we further raise the dues’ cap for future years.
Notice of this proposed amendment was published in The Florida Bar News, and this petition was set for oral argument. All interested parties have been given an opportunity to be heard.
In support of this petition, the Bar alleges that as a result of inflation the dues increase is essential to the continuation of the present level of services offered by the Bar to members of the Bar and to the public. Without the increase, the Bar asserts, it will be necessary to completely cut or phase out some ongoing Bar programs and to substantially reduce others. Present and future programs of the Bar have been closely scrutinized by the Bar’s Program and Function Review Committee in an effort to hold down costs to avoid unnecessary dues increases. If the Bar is to maintain its present programs, no further cutbacks are practicable.
In support of its request that the Board set the dues within the maximum amount approved by this Court without a referendum by Bar members attending the annual meeting, the Bar contends that the individual governors, as elected representatives of the Bar’s membership, can best determine the future budgetary needs of the Bar. It points out that the proposed change in the rule is consistent with the Bar’s representative form of government and that if members of the Board of Governors do not represent the views of the lawyers who elect them, they may be voted out of office. The Bar further contends that the present method of referendum at the annual Bar convention is untenable because only a very small percentage of Bar members attend the general assembly of the convention where the vote is taken. It concludes that the Board of Governors, which is apportioned geographically and numerically, is a better representative body to set the amount of the annual dues.
Some lawyers have voiced opposition to the dues increase and to the elimination of the membership vote on the dues increase at the Bar’s annual meeting. The position taken by the majority of those opposing the dues increase is premised on their philosophy that the Bar’s activities should be limited to such things as the discipline of lawyers and regulation of the practice of law. Some suggest that the public service programs of the Bar should not be funded from dues and that the time has come to cease requiring payment from the Florida lawyers for funding these functions of the Bar.
This position, however, is wholly inconsistent with the nature of the integrated Bar in Florida. In our original opinion *1125 granting the petition to integrate the Bar, we declared that Bar integration was not a compulsory union, but rather was a necessary one to secure the composite judgment of the Bar on questions involving its duty to the profession and to the public. We expressly recognized that the Bar has a responsibility to the public that is unique and different in degree from that exacted of members of other professions. Petition of Florida State Bar Association, 40 So.2d 902 (Fla.1949).
Integration allows every lawyer to bear his fair share of the burden of carrying on the activities of the bar, provides the best method for developing programs beneficial to the profession and the public, improves the general character, integrity, and ability of individual members, and instills public confidence in the inherent dignity and honesty of the profession. As stated in the preamble to the Integration Rule of The Florida Bar, the pronounced purposes of integration are to inculcate in its members the principles of duty and service to the public, to improve the administration of justice, and to advance the science of jurisprudence.
The Florida Bar has met and continues to meet its obligation to the public and its members through its various programs. Through these programs, it has taken a leadership role in improving the administration of justice. Because of its achievements, The Florida Bar is recognized as one of the outstanding Bars in the nation and has received top awards from the American Bar Association for overall excellence.
These achievements promote not only the interest of the legal profession but also the interest of the public. It is in the best interest of all the people of Florida that we not “hamstring” The Florida Bar. While there are many ways that an individual lawyer may serve the public’s interest, The Florida Bar is the vehicle “by which every member of the bar is given an opportunity to do his part in performing the public service expected of him, and by which each member is obliged to bear his portion of the responsibility.” 40 So.2d at 904.
We conclude that the Bar has made an adequate showing for the need to raise the cap for Bar dues from $125 to $140. We decline, however, to raise the cap for future years at the present time. If the Board feels a need for another increase in the cap at a later time, it must again come before the Court and justify its needs. In this way, the Board is more accountable to us and to the lawyers it represents.
We also find that the Board has made an adequate showing as to why it should set the Bar dues without a referendum of the Bar membership at the annual convention. This amendment is consistent with the representative nature of government of the Bar.
Accordingly, we hereby amend article VIII, section 1 to read as follows:
On or before July 1, 1979, and on or before July 1 of each year thereafter, every active member of The Florida Bar shall pay annual dues to The Florida Bar in such an amount as shall be set at an annual meeting by the Board of Governors, and shall also file with the executive director a statement setting forth his business and residential addresses and other information that may be required by the Board of Governors, provided that at no- annual meeting shall the dues be fixed at more than $1254)0- per-annuim the Board of Governors shall not fix the dues at more than $140.00 per annum.
This amendment shall be effective immediately. No petition for rehearing will be allowed.
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, McDonald and EHRLICH, JJ„ concur.
ADKINS, J., dissents.